**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3103
_____

MICHAEL MALIK ALLAH,
  Appellant

v.

JOHN C. THOMAS; SHIRLEY LAWS-SMITH; LOUISA PEREZ; KOREN, Dr.
JOHN NICHOLSON, PA L. HANUSCHAK, Dr.

._____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-15-cv-05593)
District Judge: Honorable Gene E.K. Pratter
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 9, 2017
Before: SHWARTZ, COWEN and FUENTES, Circuit Judges

(Opinion filed: February 13, 2017)
_____

OPINION*
_____

PER CURIAM

Michael Allah appeals the District Court's dismissal of a suit against several

prison officials and medical providers under 42 U.S.C. § 1983 for violations of the First

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

and Eighth Amendments. The claims stem from the medical treatment he received while incarcerated at SCI-Chester. For the reasons stated herein, we will affirm in large measure, but we will vacate the portion of the District Court's decision that dismissed Allah's Eighth Amendment claim against medical defendants regarding Hepatitis C treatment.

In October 2015, Allah filed his complaint as well as a motion for appointment of counsel. In November 2015, the District Court granted the motion for appointment of counsel and directed the "Clerk of the Court [to] present the [] case for consideration consistent with the Prisoner Civil Rights program."

While the case was being considered by the Prisoner Civil Rights Panel, both sets of defendants (prison officials and medical providers) filed motions to dismiss. In March 2016, almost two months after the filing of the second defense motion, the District Court advised Allah that his case had "not been selected by a member of the Volunteer Attorney Panel" and that there was still "no guarantee" that any lawyer would accept his case. In April 2016, the District Court ordered Allah to respond to the pending motions to dismiss on or before May 4, 2016. Allah did not meet that deadline, and on June 14, 2016, after considering the merits of the matter, the District Court granted both motions to dismiss.

Allah appeals. We have appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the order granting the defendants' motions to dismiss. Grier v. Klem, 591 F.3d 672, 676 (3d Cir. 2010). In reviewing the dismissal under Rule

12(b)(6), "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). A court may grant a motion to dismiss under Rule 12(b)(6) "only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, [it] finds that [the] plaintiff's claims lack facial plausibility." Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

Allah primarily argues that the District Court erred in dismissing his case "for failure to prosecute" before he was given the opportunity to respond to the motions to dismiss. He is mistaken. The District Court gave Allah the opportunity to respond to the motions to dismiss, advising him on April 18, 2016 to respond to the pending motions by May 4, 2016, or else the court would "consider granting the motions as unopposed." And though Allah did not meet that deadline, the District Court did not grant the motions as unopposed. Rather, the District Court did as it should and thoroughly considered his claims on the merits before dismissing them. See Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991). Accordingly, this argument fails.

Allah also argues that he stated viable claims. We first consider the argument that Allah's First Amendment right to access the courts was violated based upon the defendants' failure to respond to or investigate his grievances.

Although we have held that the filing of a prison grievance necessarily "implicates conduct protected by the First Amendment," Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir.

2003), we have never held that a prison is required by the Constitution to offer a grievance procedure to answer submitted grievances. Instead, "[w]hen the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right to access the courts, which is not compromised by the prison's refusal to entertain his grievance." Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). In this regard, refusal on the part of the defendants to entertain a prisoner's grievances would simply allow him to overcome an affirmative defense of non-exhaustion. See 42 U.S.C. § 1997e(a); Camp v. Brennan, 219 F.3d 279, 281 (3d Cir. 2000) (noting that a prisoner need only exhaust the administrative remedies "as are available"). Accordingly, any alleged failure on the part of prison officials here to consider Allah's grievances does not in itself give rise to a constitutional claim, as he was free to bring a civil rights claim in the District Court, as he did here. See Flick, 932 F.2d at 729. The District Court thus properly dismissed this claim.

We next consider Allah's Eighth Amendment claims, which challenged the medical treatment he received for back and leg pain, anxiety, and Hepatitis C. In addition, Allah took issue with the failure of the medical providers to provide him with a cane to aid with mobility.[1]

In order to state an Eighth Amendment medical care claim, a prisoner must plead facts that plausibly suggest "deliberate indifference to serious medical needs." Estelle v.

---

[1] Allah also claimed that his Eighth Amendment rights were violated when he was allegedly overcharged for a repair to his eyeglasses. He did not however mention that claim in his appellate filings, and we will thus deem the claim to have been abandoned here. See United States v. DeMichael, 461 F.3d 414, 417 (3d Cir. 2006).

Gamble, 429 U.S. 97, 106 (1976); see also Twombly, 550 U.S. at 555–56.  In order to be deliberately indifferent, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

As to the claims concerning the treatment he received for his physical pain, anxiety, and for the failure to provide him with a cane, we agree with the District Court that Allah failed to plead a viable Eighth Amendment violation.  Allah's allegations reveal that he was seen regularly by the medical defendants, who prescribed him Motrin for his back and leg pain, offered various medications for anxiety, and determined that in light of the treatment that he was receiving for his back and leg pain that it was not medically necessary to provide him with a cane.  Though he alleged that he should have been treated with narcotic pain medications, stronger anti-anxiety medications, and provided with a cane, his allegations amount to "mere disagreement as to the proper medical treatment" and were thus insufficient to state a plausible constitutional violation.  Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (quotation marks omitted); see also Norris v. Frame, 585 F.2d 1183, 1186 (3d Cir. 1978) ("Where the plaintiff has received some care, inadequacy or impropriety of the care that was given will not support an Eighth Amendment claim.") (quotation marks omitted).  These claims were thus properly dismissed by the District Court.

The District Court also dismissed Allah's claim regarding the treatment (or rather non-treatment) that he received for Hepatitis C.  The District Court dismissed the claim

on the basis that "compliance with the [Pennsylvania] Department of Corrections protocol will generally rebut any allegation of deliberate indifference to an inmate's serious medical needs." The District Court explained that because the Hepatitis C treatment called for in the protocol takes one year to complete, the Department of Corrections has implemented a "minimum sentence rule" for participation in the protocol. In this regard, the District Court concluded that Allah "alleged no facts indicating that he does [] qualify for treatment under the [] Hepatitis C protocol."

We conclude that the District Court misperceived Allah's allegations. Allah did not allege that he was entitled to treatment under the existing protocol. Rather, he alleged that he "ask[ed] to be placed on the [n]ew Hep-C treatment program that last[s] from 2 to 3 month[s] with a 98% cure rate," but was told by the medical staff that the new treatment program was not authorized by the existing treatment protocol and that he "could not be given the treatment [be]cause it is expensive." He argued that this constituted "a deliberate indifference to [his] serious medical needs" because he was "in danger of developing fibrosis and cirrhosis," his "liver [was] deteriorating and [he was] having pain in [his] liver area," and he was "starting to get and feel tired all the time and [] getting yellowing of the skin." Doc. No. 3 at 5-6.

"[T]he deliberate indifference standard of *Estelle* does not guarantee prisoners the right to be entirely free from the cost considerations that figure in the medical-care decisions made my most non-prisoners in our society." Reynolds v. Wagner, 128 F.3d 166, 175 (3d Cir. 1997). Nonetheless, and while "administrative convenience and cost

may be, in appropriate circumstances, *permissible factors* for correctional systems to consider in making treatment decisions, the Constitution is violated when they are considered to the *exclusion of reasonable medical judgment* about inmate health." Roe v. Elyea, 631 F.3d 843, 863 (7th Cir. 2011) (citing Johnson v. Doughty, 433 F.3d 1001, 1013 (7th Cir. 2006)) (emphasis in original).

Here, Allah alleged that he did not receive *any* treatment for his Hepatitis C condition, that he was not placed on a newly developed Hepatitis C treatment regimen *solely* because it was cost-prohibitive, and that he was suffering medical complications as a result. Accepting these allegations as true, we conclude that Allah plausibly alleged an Eighth Amendment violation. See id. (noting that a constitutional violation can be predicated on treatment decisions based on something other than "reasonable medical judgment").[2] We will therefore vacate the judgment of the District Court as to this single

---

[2] While we recognize that district courts in this circuit have upheld the Hepatitis C protocol put forth by the Department of Corrections, we observe that most of the cases, including the non-precedential opinion upon which the District Court relied here, were decided under the summary judgment rule. At that stage, a court can consider facts such as the costs of the drugs covered under the protocol versus those which the inmate sought, the nature of the medical treatment or monitoring that the inmate is receiving, and the time necessary for treatment. Allah's case, however, was not decided on summary judgment.

In any event, as we have noted, he does not allege that he qualified for the existing protocol. He alleged instead that given his symptoms and the time remaining on his sentence he should have been treated with newer medicine. In this regard, we note that there are suggestions in the pleadings that the Department of Corrections may have been considering whether its protocol needed to be updated in light of newer information about treatment of Hepatitis C. Doc. No. 3 at 16. Facts such as these can, if necessary, be developed on remand.

claim against the medical defendants. We will, however, affirm the dismissal of this claim against the non-medical defendants because there are no allegations that these prison officials were involved in any of the decisions regarding the non-treatment of Allah's Hepatitis C. See Spruill, 372 F.3d at 236 (explaining that absent extraordinary circumstances a non-medical prison official "will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference.").

Accordingly, we will affirm in large part, but we will vacate the portion of the District Court's decision that dismissed Allah's Eighth Amendment claim against the medical defendants regarding Hepatitis C treatment and remand for further proceedings consistent with this opinion.